**AMENDED DLD-218**                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-2091

———————

IN RE:  RICHARD C. CURRAN,
                                        Petitioner

———————————————————————

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1:18-cv-00679)

———————————————————————

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 20, 2019

Before:  JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed:  July 31, 2019)

———————

OPINION*

———————

PER CURIAM

    Pennsylvania state prisoner Richard Curran petitions pro se for a writ of

mandamus in connection with his habeas proceedings in the United States District Court

for the Middle District of Pennsylvania.  For the reasons that follow, we will deny the

petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

In 2018, Curran filed a pro se habeas petition in the District Court, attacking his 2008 Pennsylvania state court conviction for first-degree murder and other offenses. The District Court referred the petition to a United States Magistrate Judge, who recommended that the petition be denied as time-barred. On April 30, 2019, the District Court adopted the Magistrate Judge's recommendation and closed the case. On May 13, 2019, we received Curran's mandamus petition, which mentions some of his habeas claims, argues that his habeas petition is not time-barred, and asks for the relief that he sought from the District Court (the issuance of subpoenas in his habeas case, a hearing on his habeas claims, and his release from custody). On May 20, 2019, the District Court received a notice of appeal from Curran challenging the District Court's April 30 order. That appeal is pending before us at C.A. No. 19-2141.

## II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted). Curran has not made that showing here. His mandamus petition essentially challenges the District Court's resolution of his habeas proceedings. But a mandamus petition is not the proper vehicle for raising such a challenge; the proper

2

vehicle is an appeal, which Curran has filed at C.A. No. 19-2141.  Accordingly, we will deny his mandamus petition.  See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal, and that "a writ of mandamus may not issue if a petitioner can obtain relief by appeal").

After filing his mandamus petition, Curran filed another document in this case that is titled "Mandamus."  This latter filing, received on June 10, 2019, states that he filed a notice of appeal by mistake, and he asserts that he wishes to proceed in his mandamus case only.  However, just a few weeks later, he filed an application for a certificate of appealability ("COA") in his appeal (C.A. No. 19-2141), making no mention of his June 10 "Mandamus" filing.  As we have explained, an appeal, not a mandamus petition, is the proper vehicle for challenging the District Court's resolution of his habeas proceedings. In light of our ruling on Curran's mandamus petition, and given his pro se status, we will take no action on his June 10 document titled "Mandamus."  A panel of this Court will consider in due course his COA application filed in C.A. No. 19-2141, unless he notifies the Clerk of this Court in writing, within 45 days of the date of this opinion, that he still wishes to withdraw his appeal.